FILED
CLERK
11:48 am, Sep 11, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
OXFORD TECHNOLOGIES, INC. d/b/a
OXFORD INDUSTRIES.,

                Plaintiff,

        -against-

EAST/WEST INDUSTRIES, INC.

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:18-cv-1992 (ADS) (ARL)

**APPEARANCES:**

**Samuel J. DiMeglio, Jr., Esq.**
*Attorney for the Plaintiff*
141 East Main Street
Huntington, NY 11743

**Campolo, Middleton & McCormick, LLP**
*Attorneys for Defendant*
143-07 Sanford Avenue, Apt. 3G
Flushing, NY 11355
      By:     Christine Malafi, Esq., Of Counsel.

**SPATT, District Judge**:

        On April 3, 2018, the Plaintiff brought a diversity action against the Defendant. ECF 1. The Plaintiff alleged that the Defendant refused to pay agreed upon commissions from its sales of helicopter seats to a third party who had contracted to manufacture and sell helicopters to the United States Department of Defense. *Id.* at 1, 4–18. The Plaintiff raised claims under the New York General Business Law, the New York Labor Law, and common law including, as relevant here, claims for breach of contract, unjust enrichment, and breach of an implied covenant of good faith and fair dealing. *Id.* at 19–80. The complaint asked for declaratory relief, reformation of its contract with the Defendant, damages, attorney's fees, and costs. *Id.* at 80–85.

1

On May 18, 2018, the Defendant moved to dismiss the complaint under Federal Rules of Civil Procedure ("FED. R. CIV. P.") 9(b) and 12(b)(6). ECF 9. On December 4, 2018, after the motion was fully briefed, ECF 14, 15, the Court referred the motion to United States Magistrate Judge Arlene R. Lindsay for a Report and Recommendation as to whether the motion to dismiss should be granted, and if so, what relief should be awarded, ECF 17.

On July 24, 2019, Judge Lindsay issued a Report and Recommendation ("R&R"), recommending that the Court grant the motion to dismiss the complaint in its entirety. ECF 18. As relevant here, Judge Lindsay ruled that the Plaintiff's claims for unjust enrichment and for breach of the implied covenant of good faith and fair dealing were duplicative of its breach of contract claim. *Id.* at 17–19.

Presently before the Court are the Plaintiff's August 22, 2019 objections to the R&R's determination that the Plaintiff's quasi-contractual claims were duplicative. ECF 21. In addition, the Plaintiff asks, in the alternative, for its breach of contract claim to proceed. *Id.* at 5. The Defendant responds to the objections, arguing that the Court should not consider the arguments about the duplicative claims because the Plaintiff raises them for the first time in the objection to the R&R, and, that in any event, the objections fail as a matter of law. ECF 22.

I.  DISCUSSION

   A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the Magistrate Judge's report and recommendation, but they must be "specific," "written," and submitted

"[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of an R&R to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, –– – F. App'x ——, No. 17-CV-383, 2018 WL 258793 (2d Cir. Jan. 2, 2018); *Frankel v. City of N.Y.*, Nos. 06-CIV-5450, 07-CV-3436, 2009 WL 456645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris,*

*Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error") (internal citations omitted).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations and quotation marks omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### B. APPLICATION TO THE FACTS OF THIS CASE

The Defendant argues that the Court should not consider the Plaintiff's objections to the R&R because the Plaintiff raises new arguments in its objection. The Court agrees.

"The question whether a party may raise a new legal argument for the first time in objections to a magistrate judge's report and recommendation has not yet been decided in this Circuit." *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015) (internal citations, quotation marks, and alterations omitted).

Many district courts in this Circuit have held that "'new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all.'" *Tarafa v. Artus*, No. 10-CIV-3870, 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013) (quoting *Smith v. Hulihan*, No. 11-CV-2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012); *see also JMC Rest. Holdings, LLC v. Pevida*, No. 14-CV-6157, 2019 WL 4126637, at *2 (E.D.N.Y. Aug. 29, 2019); *Williams v. Town of Hempstead*, No. 16-cv-1992,

4

2019 WL 1403114, at *7 (E.D.N.Y. Mar. 28, 2019) (Spatt, *J.*); *Toth*, 2017 WL 78483, at *7 ("[A] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate") (quoting *Ortiz*, 558 F. Supp. 2d at 451); *DeJesus v. Comm'r of Soc. Sec.*, No. 13-CV-2251, 2014 WL 5040874, at *1 (S.D.N.Y. Sept. 29, 2014) ("[A] party waives any arguments not presented to the magistrate judge." (emphasis in original) (quoting *Tarafa*, 2013 WL 3789089, at *2 (internal quotation marks omitted)).

Though courts generally should not consider new arguments raised in R&R objections, this principle is a "judge-made rule" that "should not automatically be applied without regard to the circumstances of a particular case." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 123 (2d Cir. 2015); *see also Wallen v. Teknavo Grp.*, No. 12-cv-6196, 2019 WL 1435879, at *12 (E.D.N.Y. Mar. 30, 2019). Courts should only apply this rule where the litigants themselves were responsible for the waiver of any arguments. *See Greathouse*, 784 F.3d at 123 (finding application of rule improper where the district court "unintentionally led [plaintiff] astray" as to the need for certain arguments).

Here, the Plaintiff argues in opposition to the R&R that its unjust enrichment claims and good faith and fair dealing claim should survive because the Defendant made an "extra-contractual representation" in a May 2008 letter, as well as in an email sent in the same month. ECF 21 at 2 (internal quotation marks omitted). In support, the Plaintiff cites those documents, which were also appended to its opposition to the motion to dismiss, and case law from 1994 and 2005. *Id.* at 1–2; *see* ECF 14-1 at 96–99. Though the documents appear in the opposition to the motion to dismiss, the Plaintiff did not raise the extra-contractual representation argument at that time.

5

The Plaintiff's failure to raise this argument when the matter was before Judge Lindsay precludes it from attempting to do so now. The Plaintiff does not cite new case law, and does not present new evidence. *See Khatabi v. Bonura*, No. 10-CIV-1168, 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (collecting cases). Further, the Plaintiff bears full responsibility for this failure. There is nothing to suggest, and the Plaintiff does not argue, that the Court somehow influenced the Plaintiff not to raise the argument in opposition to the motion to dismiss. *See Greathouse*, 784 F.3d at 123. As such, the Court reviews this argument for clear error, and finding none, overrules the Plaintiff's objection and adopts this portion of the R&R.

Notwithstanding the impropriety of this objection, the Court has afforded the Plaintiff a de novo review and agrees with the proposed findings for the reasons stated in Judge Lindsay's R&R.

The Plaintiff also makes a conclusory request that the Court allow the breach of contract claim to proceed. ECF 21 at 5. The Court reviews the conclusory request for clear error, and finding none, the Court overrules the Plaintiff's objection and adopts this portion of the R&R. *Frankel*, 2009 WL 456645, at *2; *Pall Corp.*, 249 F.R.D. at 51. In addition, the Court reviews the remainder of the R&R for clear error, and finding none, adopts the R&R in its entirety.

## II. CONLCUSION

For the foregoing reasons, the Court overrules the Plaintiff's objections and adopts the R&R in its entirety. In addition, because any future amended complaints would be futile, the Court dismisses the action with prejudice. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York                    _____/s/ Artur D. Spatt_____

September 11, 2019                                      ARTHUR D. SPATT

                                                                          United States District Judge